NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIKA LIZETH ESPINOZA, AKA Ericka Lizeth Espinoza-Lopez, AKA Erika Lizeth Espinoza-Lopez, AKA Erica E. Lopez, AKA Erika Lopez, AKA Erika Espinoza Lopez, AKA Erika Lopez-Espinoza, Petitioner, v. MATTHEW G. WHITAKER, Acting Attorney General, Respondent. | No.    18-70232 Agency No. A097-739-350 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Erika Lizeth Espinoza, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

immigration judge's decision finding her ineligible for withholding of removal and denying relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in determining that Espinoza's conviction for conspiracy to possess with intent to distribute cocaine under 21 U.S.C. §§ 841(b)(1)(B), 846 was a particularly serious crime rendering her ineligible for withholding of removal and concluding that Espinoza failed to rebut the presumption under *Matter of Y-L-*. *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (internal quotations omitted)); *Matter of Y-L, A-G-, & R-S-R-*, 23 I. & N. Dec. 270, 276-77 (A.G. 2002) (drug trafficking offenses are presumptively particularly serious crimes).

Substantial evidence supports the agency's denial of CAT relief because Espinoza failed to show that it is more likely than not she would be tortured by or

with the acquiescence of the government of Honduras. *See Aden v. Holder*, 589

F.3d 1040, 1047 (9th Cir. 2009).

We reject Espinoza's contention regarding her prior removal in 2015.

**PETITION FOR REVIEW DENIED.**

18-70232